FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2022 SEP 30 AM 11:18

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAME RODRIGUEZ-RAMIREZ,<br><br>Defendant. | 8:22CR44<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Steven A. Russell, Acting United States Attorney, and Christopher L. Ferretti, Assistant United States Attorney, and defendant, JAME RODRIGUEZ-RAMIREZ, and Thomas M. Petersen, counsel for defendant, as follows:

# I
## THE PLEA

A.  CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count II of the Indictment. Count II charges a violation of Title 18, United States Code, Section 2252(a)(2) & (b)(1).

B.  In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1. The United States will move to dismiss Counts I and III at the time of sentencing.

# II
## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. The defendant knowingly distributed, or attempted to distribute, and received, or attempted to receive, a visual depiction in interstate commerce by any means, including by computer;
2. The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

1

3. That such visual depiction was of a minor engaging in sexually explicit conduct;
4. The defendant knew that such visual depiction was of sexually explicit conduct; and
5. The defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. In 2017, Homeland Security Investigations (HSI) received a NCMEC CyberTip associated with a Dropbox account having a screen name of Alex Apple and an email address of applesrgood4u@gmail.com that was found to have videos consistent with child pornography and folder names indicative of child exploitation material, including kids, little girls, young, etc.
2. On February 7, 2017, HSI obtained and executed warrant to search the address associated with the CyberTip, a residence on Ponderosa Drive in Omaha, Nebraska. Defendant admitted to viewing images and videos of child pornography on his cell phone. Defendant noted he and his cousins used Omegle to obtain links to the child pornography, stating he had shared links with others to obtain additional links.
3. No charges were filed as a result of the HSI investigation because the defendant was a juvenile at the time of the offense conduct.
4. A second, unrelated investigation was opened by the Federal Bureau of Investigation (FBI) as a result of a CyberTip received by law enforcement from Instagram in May of 2019. Account information from Instagram and the phone number associated with the account were resolved back to the same address on Ponderosa Drive.
5. On September 24, 2020, the Omaha FBI Child Exploitation & Human Trafficking Task Force executed a warrant to search the residence. On that date, investigators spoke with Jesus Rodriguez, defendant's father, who referenced the prior search

by HSI. Investigators were able to determine that the phone number associated with the Instagram account was used by his son, the defendant.

6. The defendant was interviewed and conceded he was the subject of the prior investigation. Defendant's devices were seized, and a forensic exam of the devices was undertaken and completed. The forensic examiner located 21 graphic image files and 12 video files containing possible child pornography on an iPhone 8 seized from the defendant. An investigator used the NCMEC Law Enforcement Services Portal to submit hash values of the files identified by the forensic examiner. One hash value was confirmed to be associated with a file referencing a child previously identified by law enforcement.

7. The investigator reviewed the remaining images and videos and determined that eight (8) images contained nude or semi-nude prepubescent and pubescent minor females ranging in the approximate ages of 10-15 years old.

8. The investigator determined that all twelve (12) of the videos flagged by the forensic examiner were child pornography. They depicted prepubescent females, ranging from infant/toddler age to 8 years old, as well as pubescent teenage girls, approximately 12-14 years old, engaged in sexually explicit conduct and lascivious viewing of their vagina and anus.

9. On July 20, 2021, prior to completion of the forensic examination in the FBI investigation, Omegle reported an Omegle user to NCMEC, which generated another CyberTip report. This CyberTip indicated that a file containing apparent child pornography was uploaded to Omegle on July 29, 2021. In response, a third unrelated investigation was opened, this time by the Nebraska State Patrol (NSP). An investigator subpoenaed the Internet Protocol address information from Cox Communications. The subscriber was Jesus Rodriguez, defendant's father, at the Ponderosa Drive address in Omaha, Nebraska.

10. The NSP investigator thereafter learned of the prior HSI and FBI investigations. The NSP investigator applied for and obtained a warrant to search the Ponderosa Drive residence and served it on October 26, 2021, while forensics were still pending in the FBI case. An NSP investigator contacted the defendant who admitted to viewing images and videos using Omegle on his cell phone.

Investigators also seized more devices (and iPhone and an Apple MacBook) for examination.

11. The NSP Technical Crimes Unit located evidence of possession and distribution of child pornography on defendant's cell phone. The investigator previewed ten videos and two images from the cell phone and confirmed that some depict sexual conduct involving children younger than 16 years old.

12. Downloading files from the internet or uploading files to the internet and storing photos on cloud-based applications are means of transporting files in interstate commerce..

## III

## PENALTIES

A. COUNT II. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 20 years in prison; and a mandatory minimum of 5 years;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count; and an additional $35,000 special assessment is applicable only to a non-indigent defendant; *an additional $5,000 (JVTA) special assessment;*
4. A term of supervised release of at least 5 years, and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

## IV

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

4

# V
# **SENTENCING ISSUES**

A.    SENTENCING AGREEMENTS.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a sentence of imprisonment of not more than 120 months, to be followed by a term of supervised release. This negotiated agreement resolves all issues related to the case and is the appropriate disposition.

B.    RESTITUTION.

The Defendant acknowledges restitution will be ordered as a part of the sentence in this case, and the Defendant agrees the Court may order restitution to all persons or organizations for loss or harm directly and proximately caused by the Defendant's relevant conduct regardless whether that person or organization is a victim of the offense of conviction. As such, it is understood the Defendant will be ordered to pay restitution to the following persons or organizations:

1.    **Any minor victims of the Defendant's criminal activity as determined by the Court.**

The Defendant understands that a schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on methods, available to the United States to enforce the judgment. If incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless whether the Court specifically directs participation or imposes a payment schedule. Pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. The Defendant agrees to provide all of Defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam.

C.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

    (a) As provided in Section I above, (if this is a conditional guilty plea); and

    (b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

    (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

    (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this

6

agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability, which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to

prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it and has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
STEVEN A. RUSSELL
Acting United States Attorney

9/30/2022
Date

_Lecia E. Wright for_
CHRISTOPHER L. FERRETTI
ASSISTANT U.S. ATTORNEY

9/6/22
Date

JAIME RODRIGUEZ-RAMIREZ
DEFENDANT

9/6/22
Date

THOMAS M. PETERSEN
COUNSEL FOR DEFENDANT

8